## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

PLAYA MAREL, P.M., S.A., et al.,

                                    Case No. C-3-06-366

           Plaintiffs,

-vs-

                                      Judge Thomas M. Rose

LKS ACQUISITIONS, INC., et al.,

           Defendants.

---

**ENTRY AND ORDER OVERRULING DEFENDANTS' MOTION TO PERMIT DISCLOSURE OF THE STOCK PURCHASE AGREEMENT AND MOTION TO COMPEL (Doc. #18); GRANTING PLAINTIFFS' MOTION FOR A STAY OF DISCOVERY (Doc. #22); GRANTING DEFENDANTS' RENEWED MOTION TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM UNDER SEAL (Doc. #26) AND FINDING DEFENDANTS' MOTION TO VACATE NOTATION ORDER (Doc. #19) AND (FIRST) MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM (Doc. #20) MOOT**

---

This matter arises from the transfer of approximately 256 hectares[1] of unimproved real estate in the County of Santa Cruz, Province of Guanacaste, Costa Rica (the "Property") to a Third Party. Plaintiff The Elden J. Heinz Living Trust and Plaintiff Alvaro Martin ("Martin") together own 100% of the shares of Plaintiff Playa Marel, P.M., S.A. ("Playa Marel"). Playa Marel's sole asset was the Property. Plaintiff Elden J. Heinz ("Heinz") is the sole trustee of Plaintiff The Elden J. Heinz Living Trust. Plaintiffs Heinz, Martin, The Elden J. Heinz Living Trust, and Playa Marel are referred to collectively herein as the Plaintiffs.

---

[1]A hectare is a metric unit of square measure equal to 10,000 square meters or 2.471 acres.

Defendants LKS Acquisitions and Leonard K. Snell ("Snell") allege that they are entitled to compensation for their role in the transfer of the Property. Defendants LKS Acquisitions and Snell are collectively referred to herein as the Defendants.

## I.     PROCEDURAL HISTORY

On November 7, 2006, the Plaintiffs filed a Verified Complaint. Count I of the complaint is for a declaratory judgment regarding the compensation, if any, due to the Defendants. Count II is for Tortious Interference With a Contractual Relationship and Count III is for Tortious Interference With a Business Relationship. Plaintiffs also sought an Ex Parte Temporary Restraining Order, a Temporary Restraining Order ("TRO") and a Preliminary Injunction with regard to Counts II and III to restrain Defendants and related parties from contacting the Third Party and any existing and future lenders, loan officers, investors, purchasers or developers of the Property.

The Verified Complaint was filed in the Court of Common Pleas of Montgomery County, Ohio. On November 7, 2006, the Montgomery County Court issued an Ex Parte TRO. The TRO was subsequently extended until November 22, 2006, and the closing on the Property was enjoined until after November 22, 2006. The Defendants then removed the matter to this Court based upon this Court having federal question jurisdiction.

Following removal, the Defendants then filed an Urgent Motion To Dissolve Ex Parte Temporary Restraining Order and Request for Emergency Hearing. (Doc. #3.) Pursuant to the hearing, the Parties entered into an Agreed Order that dissolved the Ex Parte TRO and enjoined the closing on the Property until after November 29, 2006. (Doc. #8.)

The Defendants then filed an Emergency Motion To Compel Production of the Stock Purchase Agreement (the "SPA"). The SPA is the document purported to govern the transfer of the Property. This motion was granted subject to the Agreed Protective Order that permits disclosure of information designated as "Confidential" only to counsel of record, Parties to this action, "outside counsel," any witnesses testifying, nonparty expert witnesses or consultants, court reporters, jurors and the Court and Court support personnel. Information designated as "Confidential Information - Attorney's Eyes Only" or "Confidential - For Outside Counsel and Nonparty Expert Witnesses or Consultants Only" may be disclosed only to "outside counsel" and to nonparty expert witnesses or consultants. Finally, the Agreed Protective Order permits a party to challenge the confidentiality designation of any information and provides that the designating party has the burden of proving that the designated information is protected under Fed.R.Civ.P. Rule 26 or on some other grounds. (Doc. #16.)

The Defendants then filed their Answer and Counterclaim. (Doc. #20.) The Counterclaim asserts five counts of relief seeking compensation involving the transfer of the Property. Count One is for declaratory judgment. Count Two is for breach of the Agreement Granting Exclusive Agency (the "Agreement") between the Parties, Count Three is for breach of an agreement allegedly entered into by Heinz on January 10, 2006 (the "Letter Agreement"), Count Four is for unjust enrichment and Count Five is for promissory estoppel.

On December 19, 2006, the Plaintiffs filed a Motion To Dismiss Defendants' Counterclaims. (Doc. #15.) This motion seeks to have Defendants' Counterclaims dismissed because they are based upon conduct that is in derogation of Ohio law or because they are based upon a void agreement.

The Defendants requested an extension of time to respond to the Motion To Dismiss until they received full production and disclosure of the SPA closing documents or until an adverse ruling on "the related motions." (Doc. #17.) Apparently, one of the related motions was a Motion To Produce and Permit Disclosure of the SPA to the Defendants and To Compel Production of the SPA Closing Documents that was filed the same day as the request for extension of time. (Doc. # 18.) This motion seeks an order permitting defense counsel to disclose the SPA to the Defendants and seeks an order to Plaintiffs to produce the closing documents relating to the SPA.

The Motion for an Extension of Time was subsequently overruled for failure to comply with a local rule requiring the movant to solicit the consent of all parties before seeking an extension of time. Defendants then filed a motion to vacate the order overruling their motion for an extension of time. (Doc. #19.) This motion to vacate also seeks leave to amend and supplement Defendants' motion for an extension of time and requests an extension to respond to Plaintiffs' Motion To Dismiss until fifteen days following full disclosure of the requested documents or an adverse ruling regarding the requested documents by the Court.

Sixteen days after filing their motion to vacate, the Defendants filed a Motion for Leave To File Their First Amended Answer and Counterclaims Under Seal. (Doc. #20.) This motion was overruled because good cause was not given for filing the First Amended Answer and Counterclaim under seal. (Doc. #24.)

On February 5, 2007, the Plaintiffs filed a Motion for a Protective Order To Stay Discovery Pending the Disposition of the Plaintiffs' Motion To Dismiss. (Doc. #22.) In the memorandum in support, the Plaintiffs argue that discovery should be stayed until their motion

to dismiss is adjudicated by the Court. Discovery is not necessary at this time, according to the Plaintiffs, because adjudication of a motion to dismiss is generally based only upon the complaint. In addition, adjudication of the motion to dismiss may result in the need for "narrowed" or no discovery.

On February 22, 2007, the Defendants filed a Renewed Motion To File First Amended Answer and Counterclaim Under Seal. (Doc. #26.) The only reason given by the Defendants is the same as before, the Protective Order requires the Defendants to file such a motion. In addition, the Defendants do not believe that the SPA is confidential and have to rely upon the Plaintiffs for an explanation of why the SPA should be filed under seal. Finally, the Defendants indicate that, "[t]he problem we have is not being able to exercise our right to file an amended pleading."

The renewed motion also provides Plaintiffs' reasons for confidential treatment of the SPA. First, the SPA contains a confidentiality provision that has not been waived by one or more of the parties to the SPA. Second, The SPA contains highly confidential information concerning the parties to the transaction and the multi-million dollar development of real estate in Costa Rica. The Plaintiffs also point out that at least one of the parties to the SPA is not a party to this case.

## II.     ANALYSIS

The thread that is best tugged on to begin to unravel the procedural web that the Parties have wove before the Court is the thread leading to whether the SPA may be disclosed to the Defendants. This thread leads to Defendants' Motion To Permit Disclosure of the SPA To

Defendants and Motion To Compel. (Doc. #18.) This Motion is now fully briefed and ripe for decision.

## A.     Motion To Permit Disclosure and To Compel

The Parties agreed to a Protective Order that permits information designated as "Confidential Information - Attorney's Eyes Only" or "Confidential - For Outside Counsel and Nonparty Expert Witnesses or Consultants Only" to be disclosed only to "outside counsel" and to nonparty expert witnesses or consultants. Pursuant to the Agreed Protective Order, the Plaintiffs provided the SPA to the Defendants and presumably designated it as "Confidential Information - For Outside Counsel and Nonparty Witnesses or Consultants Only."[2]

## 1.     Motion To Permit Disclosure

In the first leg of their motion, the Defendants now wish to challenge the confidentiality designation as permitted by the Agreed Protective Order and seek an order permitting Defendants' counsel to disclose the SPA to the Defendants. If a protective order was initially issued based upon good cause shown, the party seeking to modify the order has the burden of proof. *Lee Shuknecht & Sons, Inc. v. P. Vigneri & Sons, Inc.*, 927 F.Supp. 610, 614 (W.D.N.Y. 1996). However, if good cause was not shown when the protective order was issued, the party seeking to maintain the order has the burden of proof. *Id.*

In this case, the Agreed Protective Order gives the burden of proof to the party designating the information as confidential. Therefore, the Plaintiffs have the burden of showing

---

[2]Defendants' Counsel indicates that the SPA is designated "for outside counsel and non-party expert witness eyes only." The Court will assume that this designation has the same meaning as the slightly different designation provided for in the Protective Order.

that the SPA is protected under Rule 26 of the Federal Rules of Civil Procedure or on some other grounds.

In response to their burden, the Plaintiffs argue that an application of relevant caselaw leads to the conclusion that the Agreed Protective Order should not be modified. Several factors may be used to assist a court in exercising its discretion as to whether to modify a protective order. They include (1) whether good cause exists for the modification, (2) the nature of the protective order, (3) the foreseeability of the modification requested at the time of issuance of the order, and (4) the parties' reliance on the order. *Daniels v. The City of New* York, 200 F.R.D. 205, 207 (S.D.N.Y. 2001); *Schuknecht*, 927 F.Supp. at 614;  Each of these factors will be addressed seriatim.

**a.      Cause for Modification**

The Defendants want to modify the Agreed Protective Order because they say the Plaintiffs do not have a legitimate reason to justify continued protection of the SPA, because they need access to the SPA to be able to fully respond to Plaintiffs' Motion To Dismiss and because they need access to the SPA to assess whether they should assert any additional counterclaims or any third-party claims.

The Agreed Protective Order permits the Plaintiffs to designate in good faith the SPA, or portions thereof, as confidential in accordance with the terms of the Agreed Protective Order and within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Rule 26(c) provides that protective orders can be entered into providing that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Fed.R.Civ.P. 26(c)(7).

The Plaintiffs now aver that the SPA contains a confidentiality provision that has not been waived and the SPA contains highly confidential information concerning the parties to the transaction and the multi-million dollar development of real estate in Costa Rica. Therefore, Plaintiffs apparently have a legitimate reason to justify continued protection of the SPA.

The Defendants next argue that they need access to the SPA to be able to fully respond to Plaintiffs' Motion To Dismiss. However, the Defendants' counsel already has access to the SPA and presumably can respond to a challenge to its own pleadings.

Defendants' counsel is prohibited by the protective order from providing a copy of the SPA to his client. The Defendants' counsel argues that a copy should be provided to his client based upon due process and counsel's ethical obligations. In support of this argument, the Defendants cite *In re Wilson*, 149 F.3d 249 (4th Cir. 1998). In *Wilson*, the court ordered disclosure of an injunction and judgment containing trade secrets to the defendant's counsel, defendant's independent experts and two of the defendant's employees. The appeals court determined that, without disclosure, the defendant would be unable to understand the nature of the claims against it. *Id.* at 251, 253. The injunction and judgment had been entered in another case wherein the party, who in *Wilson* was seeking to protect the injunction and judgment, had entered into an agreed protective order permitting confidential materials to be provided to employees of the defendants in the other case. *Id.* at 252-53.

However, *Wilson* is not persuasive here because the claims against the Defendants are not sealed and are available to the Defendants. Also, unlike the case from which the protected document arose in *Wilson*, the Agreed Protective Order in this case does not permit showing

documents designated as "Confidential Information - For Outside Counsel and Nonparty

Witnesses or Consultants Only" to employees of the Defendant.

A court addressing an issue similar to the one now before this court found just the

opposite. The court addressing the similar issue found that an in-house counsel was not entitled

to access to confidential information even though the outside counsel that had been retained by

the in-house counsel had access to the confidential information. *Intel Corp. v. VIA Technologies*,

*Inc.*, 198 F.R.D. 525 (N.D.Cal. 2000) (claimed need for access to confidential information to

advise party and manage outside counsel is insufficient reason to gain access to confidential

information).

Defendants' third reason for modifying the Agreed Protective Order is that they need

access to the SPA to assess whether they should assert any additional counterclaims or any third-

party claims. Yet, the Defendants have already sought leave of court to file an amended

complaint and counterclaim without modification of the Agreed Protective Order. Further, if the

Defendants gain additional information or insight as they proceed through the discovery process,

they may seek leave of court to file another amended complaint and counterclaim.

Good cause for modification of the Agreed Protective Order has not been shown. This

factor weighs in favor of not modifying the Agreed Protective Order.

**b.     Nature of the Protective Order**

The second factor is the scope of the order and whether it was stipulated to by the parties

or court-imposed. *Schuknecht*, 927 F.Supp. at 615. In this case, the Agreed Protective Order is

narrowly tailored to apply to only one document, the SPA. Further the Agreed Protective Order

was stipulated to by the parties and approved by the Court. Therefore, by its nature, the protective order should not be readily modified.

**c.      Foreseeability of the Modification Requested**

In this case, the Defendants entered into the Agreed Protective Order on December 28, 2006. At that time, Plaintiffs' Complaint, Defendants' Answer and Counterclaim and Plaintiffs Motion To Dismiss had all been filed. Thus, at the time the Defendants entered into the Agreed Protective Order, they could easily have foreseen the need to share the SPA with their clients. Yet, they elected to agree to the protective order. However, the Defendants now argue that they entered into the protective order with the intent of challenging the designation of the SPA as confidential.

**d.      Parties' Reliance**

The final factor is the extent to which the party resisting modification of the protective order relied upon the protective order in providing access to the protected document. *Id.* In this case, the SPA was initially provided under seal as an exhibit to the Plaintiffs' Complaint to provide the State Court with the documentation necessary to obtain the TRO. Subsequently, the Plaintiffs provided Defendants' counsel with a copy of the SPA to correct any misconception regarding the amount of monies involved in the transaction and to assist in settlement discussions.

The Plaintiffs would only provide the SPA to Defendants' counsel if the Agreed Protective Order was in place. Therefore, the Plaintiffs, who are resisting modification of the Agreed Protective Order, relied heavily upon the protective order in providing the SPA to the Defendants.

In sum, none of the factors considered weigh in favor of modifying the Agreed Protective

Order. Therefore, the Agreed Protective Order filed on January 4, 2007, will remain in force

without modification.

**2.      Motion To Compel**

The second branch of Defendants' motion is a request to order the Plaintiffs to produce

"the true and complete closing documents relating to the SPA." The Plaintiffs respond that the

Federal Rules of Civil Procedure prevent disclosure of the closing documents, that the closing

documents are irrelevant and that a review of the closing documents is unnecessary to rule on

their Motion To Dismiss. Each of Plaintiffs' arguments will be addressed seriatim.

**a.      Applicability of the Federal Rules of Civil Procedure**

Rule 26(d) provides that, "a party may not seek discovery from any source before the

parties have conferred as required by Rule 26(f)."[3] In this case, the Preliminary Pretrial

Conference has been set for May 24, 2007. The Rule 26(f) conference between the Parties that

precedes the Preliminary Pretrial Conference has not been conducted because the Defendants

have requested that the Parties restrain from incurring the additional time and expense of

engaging in discovery until the disposition of their Motion To Dismiss.

Because the Defendants declined to consent to staying discovery until after Plaintiffs'

Motion To Dismiss is addressed, the Plaintiffs have also filed a motion to stay discovery pending

the disposition of their Motion To Dismiss. (Doc. #22.) The Plaintiffs argue that discovery

---

[3]Plaintiffs initially served a document discovery request upon the Defendants which the parties have agreed would not have to be provided until after the Rule 26(f) conference. Plaintiffs have, also, by agreement of the parties, taken one deposition on November 26, 2006.

should be stayed because their Motion To Dismiss will either render discovery unnecessary or

narrow discovery.

The Plaintiffs also argue that Defendants' request to  produce "the true and complete

closing documents relating to the SPA" fails to conform to Rule 34. The Defendants do not

identify specifically which documents they wish to have and, instead, argue that "[a]ny

experienced transactional attorney, as well as an experienced business litigator, would know

what closing documents are." That being said, Rule 34(b) specifically states that:

> The request shall set forth, either by individual item or by category, the items to
> be inspected, and describe each with reasonable particularity. The request shall
> specify a reasonable time, place and manner of making the inspection and
> preforming the related acts. The request may specify the form or forms in which
> electronically stored information is to be produced. Without leave of court or
> written stipulation, a request may not be served before the time specified in Rule
> 26(d).

The Defendants seek closing documents relating to the SPA. This request arguably sets

forth by category and describes them with reasonable particularity. However, this request is

premature. The expenditure of time and client resources for discovery is not necessary until

discovery is required. Discovery is not required until the Rule 26(f) conference is conducted and

the Rule 26(f) report that results from this conference need not be filed until May 17, 2007.

Therefore, the Defendants' request for the closing documents is premature in accordance with

the Federal Rules of Civil Procedure.

**b.      Relevancy of the Closing Documents**

The Plaintiffs argue that the closing documents are irrelevant to the claims and defenses

of the Parties. This case, according to the Plaintiffs, concerns the validity of the Agreement. The

Plaintiffs have filed a Motion To Dismiss Defendants' Counterclaims in which the Plaintiffs

assert that the Agreement is invalid, terminated and void. Since the conduct under the Agreement occurred prior to the creation of the SPA and the closing documents, discovery regarding the closing documents is irrelevant to the pending motion to dismiss.

The Defendants respond that the closing documents are relevant because this litigation would not have occurred but for the SPA and other closing documents. This argument is largely unsupported and is belied by the fact that the litigation was brought prior to the creation of the SPA and closing documents.

The Defendants also argue that Defendants' entitlement to compensation requires an assessment of whether the subsequent SPA reflects an achievement of the Business Goal set forth in the Strategic Plan.[4] However, at issue now is not whether Defendants are entitled to compensation. At issue now is whether Defendants' Counterclaims can survive a motion to dismiss. Entitlement to compensation is the focus of Plaintiffs' complaint which is not currently subject to a motion to dismiss. Therefore, the closing documents are not needed to respond to a motion to dismiss a complaint that was filed without access to the closing documents. The closing documents, however, may be relevant to Defendants' entitlement to compensation which is the subject of Plaintiffs' complaint.

## 3. Conclusion

Defendants' Motion To Permit Disclosure of the SPA and To Compel Production of the Closing Documents is OVERRULED. The Agreed Protective Order filed on January 4, 2007, will remain in force without modification and the Defendants have not provided good cause for disclosure of the closing documents at this time.

---

[4]The Agreement provides for the preparation of a strategic plan.

The next thread that is best tugged on to begin to unravel the procedural web that the Parties have wove before the Court is the thread leading to whether the Plaintiffs are entitled to a stay of discovery pending the disposition of their motion to dismiss. The Plaintiffs have filed a motion for a protective order to stay discovery pending a decision on their motion to dismiss. (Doc. #22.) Defendants have filed a response in opposition. The Plaintiffs have not been given time to file a reply although other pleadings submitted by the Plaintiffs address this issue. This motion by the Plaintiffs is, therefore, ripe for decision.

**B.     Motion To Stay Discovery**

The Plaintiffs argue that discovery should be stayed until their motion to dismiss is adjudicated. The reasons given are that discovery is not yet required by the Federal Rules of Civil Procedure and, to conduct discovery now, would not be a beneficial use of clients' resources. The reason discovery now would not be a beneficial use of clients' resources is that adjudication of their motion to dismiss may result in dismissal of Defendants' Counterclaims or may result in a narrowing of the discovery that may be required. The Defendants have responded that they need discovery now to respond to Plaintiffs' motion to dismiss and to assess whether they have additional defenses and/or counterclaims.

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)(quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999), *cert. denied*, 529 U.S. 1020 (2000)). When deciding whether to stay discovery, a court must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would result from a denial of discovery.

*Nabi Biopharmaceuticals v. Roxane Laboratories, Inc.*, No. 2:05-cv-0889, 2006 WL 3007430 at

*1 (S.D.Ohio Oct. 20, 2006). Further, "[w]hen a stay rather than a prohibition is sought, the

burden on the party requesting the stay is less than if he were requesting a total freedom from

discovery." *Id.* (citing *Marrese v. American Academy of Orthopedic Surgeons*, 706 F.2d 1488,

1493 (7th Cir. 1983), *rev'd on other grounds*, 470 U.S. 373 (1985)).

A stay is not ordinarily granted to a party who has filed a "garden variety" 12(b)(6)

motion. *Id.* at *2. However, a stay might be appropriate if the complaint is utterly frivolous or

filed merely to conduct a fishing expedition or for settlement value. *Id.* at *1.

As determined above, discovery is not yet required by the Federal Rules of Civil

Procedure. Also, since review of a motion to dismiss is based upon the pleadings and the

pleadings in question are those of the Defendant, further discovery should not be needed for the

Defendants to be able to respond to a motion to dismiss their pleadings. Finally, should the

Defendants discover information that necessitates an amendment of their Answer and

Counterclaim, they may timely seek leave of court to do so.

Plaintiffs have presented a reasonable argument that they may be unnecessarily burdened

if discovery is permitted prior to the resolution of their motion to dismiss. Further, the

Defendants have not shown that they will be harmed by a stay of discovery.

Plaintiffs' motion to dismiss appears to be of the "garden variety" and Defendants'

Counterclaims do not appear frivolous. However, since Defendants argue that they need

additional discovery to respond to a motion to dismiss their own counterclaims, a fishing

expedition cannot be ruled out, nor can settlement value.

Therefore, Plaintiffs Motion for a Protective Order To Stay Discovery Pending the Disposition of their Motion To Dismiss is GRANTED. Further discovery is stayed pending resolution of Plaintiffs' Motion To Dismiss.

The final thread to be tugged on to unravel the current procedural web is the thread leading to Defendants' renewed motion to file an amended complaint and counterclaim under seal. (Doc. #26.) Although not fully briefed, briefs on related matters provide a basis upon which this motion can be decided.

## C.    Renewed Motion To File First Amended Answer and Counterclaims

The Defendants Answer and Counterclaims was filed on November 29, 2006. Plaintiffs then filed a motion to dismiss which is currently pending. The Defendants then sought disclosure of the SPA and closing documents, a motion which is addressed above. The Defendants then, on February 1, 2007, first sought to file an amended answer and counterclaims under seal. This motion was overruled because it was not clear exactly what was to be sealed and good cause was not provided for filing under seal.

The Defendants then filed their Renewed Motion To File First Amended Answer and Counterclaims Under Seal. (Doc. #26.) They now argue that they are required by the Agreed Protective Order to seek leave to file their amended pleadings under seal and that they are "perfectly willing to file the amended pleadings under seal or not under seal." They also indicate that, while they do not agree that the SPA is truly confidential, it is the Plaintiffs who designated the SPA as confidential. The Plaintiffs must, therefore, provide the reason for filing Defendants' pleading, which presumably discusses the SPA, under seal.

Rule 26(c) permits the sealing of papers filed with the court for good cause shown to the court that the particular documents justify court-imposed secrecy. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). For example, papers filed with the court may be sealed if they include a trade secret or other confidential research, development, or commercial information. Fed.R.Civ.P. 26(c)(7). Papers may also be sealed to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense. Fed.R.Civ.P. 26(c).

In a pleading filed after the Defendants' initial motion to file under seal was denied, the Plaintiffs offer a minimal explanation as to why the SPA or references to the SPA are confidential. Plaintiffs indicate that the SPA is confidential because it contains highly confidential information concerning the parties to the transaction and the multi-million dollar development of real estate in Costa Rica. The Plaintiffs also indicate that the SPA contains a confidentiality provision that has not been waived by one of the parties to the SPA.

Since the SPA allegedly contains confidential business information and to protect the SPA party who has not consented to release of the SPA from annoyance, embarrassment, oppression or undue burden, the SPA and references to the SPA may be filed under seal. Further, Defendants indicate that Plaintiffs do not object to filing of the Amended Answer and Counterclaim under seal. Therefore, Defendants' Renewed Motion To File First Amended Answer and Counterclaims Under Seal is GRANTED.

## III.    SUMMARY

Defendants' motion to modify the Agreed Protective Order and permit disclosure of the SPA (doc. #18) is OVERRULED as is Defendants' motion to compel production of the SPA

closing documents (doc. #18). Plaintiffs' motion to stay discovery pending the disposition of their motion to dismiss (doc. #22) is GRANTED. Finally, Defendants' renewed motion to file their First Amended Answer and Counterclaims under seal is GRANTED.

The Defendants are given until not later than fifteen days following entry of this Order to either file their First Amended Complaint and Counterclaims under seal or respond to Plaintiffs' pending motion to dismiss. Also, granting Defendants' renewed motion to file their First Amended Answer and Counterclaim renders their motion to vacate this Court's order on their motion for an extension of time (doc. #19) and their motion for leave to file their First Amended Answer and Counterclaim Under Seal (doc. #20) MOOT.

**DONE and ORDERED** in Dayton, Ohio, this Eighth day of March, 2007.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record