**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**PLAYA MAREL, P.M., S.A., et al.,**

           **Plaintiffs,**

-vs-

**LKS ACQUISITIONS, INC., et al.,**

           **Defendants.**

           **Case No. C-3-06-366**

           **Judge Thomas M. Rose**

**ENTRY AND ORDER OVERRULING LKS'S MOTION FOR RECONSIDERATION (Doc. #52)**

    This matter comes before the Court on Defendants' (hereinafter referred to collectively as "LKS") Motion for Reconsideration.[1] Plaintiffs (hereinafter referred to collectively as "Playa Marel") have responded and LKS has replied. The Motion is, therefore, ripe for decision.

    LKS argues that this Court should reconsider its prior Entry and Order Granting In Part and Overruling In Part Plaintiff's Motion To Dismiss (doc. #49)(the "Order") due to the "recent" Ohio Supreme Court decision in *Ignazio v. Clear Channel Broadcasting, Inc.*, 865 N.E.2d 18 (Ohio 2007)[2]. Playa Marel responds that LKS's Motion for Reconsideration should be overruled because it was untimely filed, because *Ignazio* is not an intervening change in controlling law and because the Order would not change upon consideration of *Ignazio*. Each of Playa Marel's arguments will be addressed seriatim.

---

[1] LKS's Motion for Reconsideration was filed two hours and eighteen minutes after Playa Marel's Motion for Summary Judgment was filed.

[2] *Ignazio* was decided on May 9, 2007.

Motions for reconsideration of a judgment are normally construed as motions to alter or amend judgment under Rule 59(e). *McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)(citing *Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990)). Further, motions for reconsideration are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *Id* (citing *In re August, 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1406 (S.D. Ind. 1994)). However, a court can always take a second look at a prior decision. *Id.*; *see also*, *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988).

<u>Timeliness of Motion for Reconsideration</u>

Generally, Rule 59(e) motions must be filed not later than ten days after entry of judgment. *Sonneblick-Goldman Corp. v. Nowalk*, 420 F.2d 858, 859 (3rd Cir. 1970). For example, a federal court sitting in the Northern District of Ohio has found that motions for reconsideration of interlocutory orders must be filed within ten days of entry of judgment or, in any event, in a reasonably timely manner. *McConocha*, 930 F. Supp. at 1184(an unexplained delay of more than seven months is not reasonable). However, the Tenth Circuit has found that motions for reconsideration of interlocutory orders do not need to be filed within the ten-day time limit for filing Rule 59(e) motions reasoning that an interlocutory order is not final for purposes of appeal. *Anderson*, 852 F.2d at 1246. Yet, the Sixth Circuit, while not directly addressing the ten-day limit, has said that the provisions of Rule 59(e) apply to motions to alter or amend judgment filed before final judgment is entered. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979)(the Federal Rules do not contemplate motions to reconsider and vacate), cert. dismissed, 444 U.S. 986 (1979).

The Tenth Circuit's reasoning for not applying a ten day limit to motions for reconsideration of interlocutory orders is circulatory at best and certainly not persuasive. A district court in the Sixth Circuit has applied the ten-day limit to the filing of a motion for reconsideration of an interlocutory order and the Sixth Circuit has said that Rule 59(e) applies and has not disavowed application of the ten-day limit. Therefore, this Court will treat LKS's Motion for Reconsideration as a Rule 59(e) motion to alter or amend judgment and will apply the ten-day limit.

The Order was entered on July 30, 2007, and LKS's Motion To Reconsider was not filed until eighty-seven days later on October 25, 2007. It was filed two hours and eight minutes after Playa Marel's Motion for summary judgment was filed. No reason is given for waiting eighty-seven days and until after Playa Marel's Motion for Summary Judgment was filed, however, it presumably could have been filed in an attempt to avoid application of the law of the case doctrine to Playa Marel's Motion for Summary Judgment.

Therefore, LKS's Motion for Reconsider is overruled because it was not filed within ten days of when the Order was filed. In any event, LKS's Motion for Reconsideration was not filed within a reasonable time of when the Order was filed. Also, LKS's Motion To Reconsider is not well founded for another reason.

Standard for Reconsideration of Orders

Courts should not reconsider prior decisions where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue. *McConocha*, 930 F. Supp. at 1184. However, there are three situations which justify reconsideration: (1) an

intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. *Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995)(citing *Bermingham v. Sony Corp. of America, Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd* 37 F.3d 1485 (3rd Cir. 1993)).

In this case, LKS's arguments on the issues addressed in the Order were filed on June 4, 2007. (Doc. # 36.) LKS argued that Ohio real estate laws are not applicable to the Agreement Granting Exclusive Agency (the "Exclusive Agreement") or the SPA, that they are exempt from Ohio real estate laws and that the AEA is governed by Costa Rican law. Nowhere did LKS argue, as they do now, that certain provisions should be severed from the Exclusive Agreement. Further, the law now cited as a basis for LKS's Motion for Reconsideration was entered on May 9, 2007, well before LKS's memorandum on the issues addressed in the Order was filed. Finally, LKS does not now identify any new evidence.

Therefore, LKS's Motion for Reconsideration must be overruled because LKS has proffered a new legal theory that could, with due diligence, have been discovered and offered during the initial consideration of the issues, because it has not identified an intervening change in controlling law, because it has presented no new evidence and because it has not shown the need to correct clear error or to prevent manifest injustice. LKS's Motion for Reconsideration must be overruled on this basis. However, LKS's Motion for Reconsideration is not well founded for a third reason.

Consideration of *Ignazio*

In *Ignazio*, the Ohio Supreme Court severed a sentence in an employment contract containing a severability clause because the sentence offended Ohio law. *Ignazio v. Clear*

*Channel Broadcasting, Inc.*, 865 N.E.2d 18, 19 (Ohio 2007). The issue before the Ignazio Court was whether a clause in an arbitration agreement that provides for greater judicial review of an award than is permitted under Ohio law renders the entire agreement unenforceable, or whether the offensive clause may be severed and the remainder of the agreement enforced. *Id.* at 20.

The sentence that was severed provided a standard of review for decisions by an arbitrator that was contrary to Ohio law. *Id.* at 20. The Ohio Supreme Court found that severing the sentence was permitted by the express severability clause in the contract and would not modify or change the terms of the agreement for "demanding and conducting the arbitration process." *Id.* at 21. The Ohio Supreme Court also found that severing the offensive sentence was consistent with Ohio's strong public policy in favor of arbitration. *Id.*

LKS first argues that the right to contract freely is fundamental to our society so the severability provision in the Exclusive Agreement should be applied to sever a provision of the Exclusive Agreement that violates Ohio real estate policy. However, if the right to freely contract is a fundamental right, as LKS says it is, and the parties here contracted for the sale of the Property as a possible outcome, this Court should not sever the provision providing for the possible sale of the Property from the Parties contract. Otherwise, the right argued by LKS to be fundamental would be violated.

While LKS's actions pursuant to the clause may not have comported with Ohio law, the clause which LKS wishes the Court to sever is not contrary to Ohio law. Further, severing the provision would alter the terms of the agreement. Therefore, the holdings in *Ignazio* does not support the argument that the clause referring to the sale of the Property as a possible outcome should be severed. LKS's Motion for Reconsideration must be overruled on this basis.

Summary

LKS's Motion for Reconsideration was not timely filed. Further, LKS has proffered a new legal theory that could, with due diligence, have been discovered and offered during the initial consideration of the issues, has not identified an intervening change in controlling law, has presented no new evidence and has not shown the need to correct clear error or to prevent manifest injustice. Finally, LKS's Motion for Reconsideration based upon the Ohio Supreme Court's holdings in *Ignazio* is without merit. LKS's Motion for Reconsideration is, therefore, OVERRULED.

**DONE and ORDERED** in Dayton, Ohio, this Sixth day of November, 2007.

                                                  **s/Thomas M. Rose**

                                                  THOMAS M. ROSE
                                           UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record