**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**PLAYA MAREL, P.M., S.A., et al.,**

        **Plaintiffs,**

-vs-

**LKS ACQUISITIONS, INC., et al.,**

        **Defendants.**

**Case No. C-3-06-366**

**Judge Thomas M. Rose**

___

**ENTRY AND ORDER GRANTING PLAYA MAREL'S MOTION FOR SUMMARY JUDGMENT (Doc. # 51)**
___

This matter comes before the Court on Plaintiffs' (hereinafter referred to collectively as "Playa Marel") Motion for Summary Judgment. (Doc. #51.) The Defendants' (hereinafter referred to collectively as "LKS") have responded and Playa Marel has replied. The Motion is, therefore, ripe for decision.

Playa Marel now seeks summary judgment as to Count One of their Complaint which is for declaratory judgment and Count Seven of LKS's Counterclaim which is for set-off. LKS responds that they have nothing to add to their previous arguments and reiterates them for the record. (Doc. #53.) The standard of review for motions for summary judgment will first be set forth followed by an analysis of Playa Marel's Motion for Summary Judgment.

**STANDARD OF REVIEW FOR MOTIONS FOR SUMMARY JUDGMENT**

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and the associated caselaw. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S. at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, §2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

However, the mere existence of a scintilla of evidence in support of the non moving party is not sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252. "There must be evidence on which the jury could reasonably find for the plaintiff." *Id.* The inquiry, then, is whether reasonable jurors could find by a preponderance of the evidence that the non-moving party is entitled to a verdict. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not …obligated to wade through and search the entire record for some specific facts that might support the non-moving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties. The Rule 56 evidence includes the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted. Fed. R. Civ. P. 56(c)).

## ANALYSIS

Playa Marel seeks summary judgment on Count One of its Complaint and on Count Seven of LKS's Counterclaim. Each will be addressed seriatim.

Count One of Playa Marel's Complaint

In Count One of their Complaint, Playa Marel asks the Court to declare whether Playa Marel is required to pay any compensation to LKS. Specifically, Count One of Playa Marel's Complaint states that a dispute has developed as to whether LKS is entitled to compensation under the terms of the Exclusive Agreement due to the failure of LKS to register as a foreign real estate dealer or salesman under the Ohio Revised Code. (Compl. ¶ 21.)

The basis for Playa Marel's Motion for Summary Judgment on Count One of its Complaint is the law of the case doctrine. "Under the law of the case doctrine, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation." *Rouse v. DaimlerChrysler Corporation UAW*, 300 F.3d 711, 715 (6th Cir. 2002)(citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)). The law of the case doctrine applies to judicial decisions made prior to final judgment. *Patterson v. Haskins*, 470 F.3d 645, 661 (6th Cir. 2006, *cert. denied*, 2007 WL 1465791 (2007). Also, it bars challenges to a decision made at a previous stage of the litigation which could have been challenged but was not.[1] *Rouse*, 300 F.3d at 715.

In an Entry and Order filed on July 7, 2007 (the "Order"), this Court found that the Exclusive Agreement contemplated, among other things, the sale of foreign real estate in Ohio by LKS, and that Ohio law forbids an unlicensed real estate broker from bringing a cause of action to recover a commission. (Doc. #49.) Further, LKS admitted that it was not licensed to sell foreign real estate in Ohio. (Id.) Therefore, this Court held that LKS may not bring a cause

---

[1] In this case, LKS submitted a Motion for Reconsideration of the Order after Playa Marel's Motion for Summary Judgment was filed. The Motion for Reconsideration has been overruled.

of action to recover a commission based upon its conduct involving the Exclusive Agreement. (Id.)

If LKS may not bring a cause of action to recover a commission based upon its conduct involving the Exclusive Agreement, then Playa Marel is not required to pay LKS any compensation pursuant to the Exclusive Agreement. Therefore, there are no genuine issues of material fact and Playa Marel is entitled to judgment as a matter of law on Count One of its Complaint for a declaratory judgment. Playa Marel is not required to pay any compensation to LKS pursuant to the Exclusive Agreement. The analysis next turns to Playa Marel's Motion for Summary Judgment on Count Seven of LKS's Counterclaim.

<u>Count Seven of LKS's Counterclaim</u>

In Count Seven of its Counterclaim, LKS seeks a declaration that Plaintiff and Counterclaim Defendant Elden J. Heinz as Trustee of the Elden J. Heinz Revocable Living Trust may not collect or foreclose on Defendant and Counterclaim Plaintiff Leonard K. Snell ("Snell) for the remaining principal amount on a certain promissory note dated December 17, 2003 (the "Note") until Counts One through Six of LKS's Counterclaim have been adjudicated. Snell sought to set off the amount he owes on the note held by the Elden J. Heinz Revocable Living Trust against the amount that he alleged he was owed as a result of the agreements regarding the Property.

The Order is a ruling on Playa Marel's Motion To Dismiss. In the Order, this Court determined that Snell had pled a cause of action for which relief may be granted. However, this Court also dismissed Counts One through Six of LKS's Counterclaim. Therefore, no claims remain against which Snell could set off the amount he owes on the Note. Snell's set-off claim

is, therefore, moot. There are no genuine issues of material fact and Playa Marel is entitled to judgment as a matter of law on Count Seven of LKS's Counterclaim.

### Summary

Based upon the law of the case doctrine, Playa Marel is not required to pay any compensation to LKS pursuant to the Exclusive Agreement. Further, because Counts One through Six of LKS's Counterclaim have been dismissed, Snell's set-off claim is moot. Therefore, Playa Marel's Motion for Summary Judgment (Doc. # 51) is GRANTED.

**DONE and ORDERED** in Dayton, Ohio, this Sixth day of November, 2007.

                                                    **s/Thomas M. Rose**
                                                    THOMAS M. ROSE
                                               UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record